IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02435-GPG

JOHN R. YELLOWBOY,

    Applicant,

v.

MICHAEL MILLER, and
JOHN W. SUTHERS, The Attorney General of the State of [Colorado],

    Respondents.

## ORDER OF DISMISSAL

    Applicant, John R. Yellowboy, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 6). Mr. Yellowboy challenges the validity of his conviction and sentence imposed in the District Court of Larimer County, Colorado. He has paid the $5.00 filing fee.

    On October 22, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Pre-Answer Response on October 29, 2014 (ECF No. 12). Applicant filed his Reply (ECF No. 14) on December 11, 2014, after obtaining an extension of time.

The Court must construe liberally the Application filed by Mr. Yellowboy because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the § 2254 Application will be dismissed as time-barred.

## I. Background and State Court Proceedings

In September 1989, Mr. Yellowboy was convicted by a jury in Larimer County District Court Case No. 89CR802 of second degree kidnapping, first degree sexual assault, robbery, third degree assault, and a crime of violence. (ECF No. 12-1, at 2-3). On direct appeal, the Colorado Court of Appeals vacated the crime of violence conviction, but otherwise affirmed Applicant's convictions and sentences. *See People v. Yellowboy*, No. 90CA528 (Colo. App. Jan. 30, 1992) (unpublished) (ECF No. 12-3). Mr. Yellowboy did not seek certiorari review in the Colorado Supreme Court.

In December 1992, Mr. Yellowboy also filed a Colo. Crim. P. Rule 35(b) motion to reduce his sentence, which was denied by the state district court, along with a motion for reconsideration. (ECF No. 12-4). Applicant did not appeal the trial court's orders.

In June 2001, Mr. Yellowboy filed a Colo. Crim. P. Rule 35(a) motion to correct an illegal sentence, which was denied by the state district court. (ECF No. 12-1, at 7). Applicant did not appeal that order. (ECF No. 12-6, at 3).

In February 2008, Mr. Yellowboy filed a state post-conviction motion, pursuant to Colo. Crim. P. Rule 35(a) and (c), attacking his convictions and sentence. (ECF No. 12-6). The Colorado Court of Appeals affirmed the trial court's order denying the motion in

2

*People v. Yellowboy*, No. 08CA729 (Colo. App. March 26, 2009) (unpublished) because the claims presented had been raised or could have been raised on direct appeal. (ECF No. 12-7). In the decision, the state appellate court also noted that Applicant's state court mittimus had not been amended to reflect removal of the crime of violence conviction, and remanded the case for an amendment of the mittimus. (*Id.*).

In 2011, Mr. Yellowboy filed another state post-conviction motion under Colo. Crim. P. Rule 35(a) and (c). (ECF No. 12-9). The Colorado Court of Appeals affirmed the trial court's order denying the motion on the various procedural grounds. *See People v. Yellowboy*, No. 11CA2565 (Colo. App. Aug. 22, 2013) (unpublished) (ECF No. 12-11). The Colorado Supreme Court denied Applicant's request for certiorari review on July 28, 2014. (ECF No. 6, at 11).

Mr. Yellowboy filed his § 2254 Application on October 20, 2014. He claims in the Application that the Colorado Court of Appeals order vacating the crime-of-violence conviction: (1) demonstrated that his remaining convictions were not supported by proof beyond a reasonable doubt; and, (2) that all of his sentences are illegal. (ECF No. 6, at 5-6).

Respondents argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). (ECF No. 12, at 5-7). Respondents further contend that claim the claims were procedurally defaulted in the state courts and are thus barred from merits review in this federal habeas proceeding. (*Id.* at 8-11).

## II. AEDPA Time Bar

> The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:
>
> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For convictions that became final prior to the April 24, 1996, the effective date of the AEDPA, state prisoners had until April 24, 1997, within which to file habeas corpus applications attacking their convictions or sentences. *Wood v. Milyard*, 132 S.Ct. 1826, 1831 (2012); *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998).  Accordingly, Mr. Yellowboy was required to file his § 2254 Application by April 24, 1997, unless statutory tolling of the one-year period applies.

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Mr. Yellowboy did not file any post-conviction motions in the state courts between 1992 and 2001. As such, the one-year limitation period expired on April 24, 1997. State post-conviction motions filed after the passage of the one-year period are not relevant to the timeliness of the federal application. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same). Accordingly, the Court finds that the § 2254 Application is time-barred unless equitable tolling applies.

### III. Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)). Mr. Yellowboy bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Yellowboy argues in his Reply brief that the Application is timely because there is no state law limitation period on filing a motion to correct an illegal sentence under Colo. Crim. P. Rule 35(a). (ECF No. 14). This contention lacks merit because Applicant's § 2254 application is subject to the federal limitation period set forth in the AEDPA, not state law.

Applicant does not provide any other basis for equitable tolling of the one-year period and none is evident from his filings. Further, Mr. Yellowboy does not allege any facts to demonstrate that he is actually innocent of the crimes or that he actively

pursued his judicial remedies but filed a defective pleading within the statutory period. Accordingly, the Court finds that the § 2254 Application is time-barred.

The Court need not reach Respondents' alternative argument that Mr. Yellowboy' claims are procedurally defaulted.

## IV.  Orders

For the reasons discussed above, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6), filed by Applicant, John R. Yellowboy, is DENIED as time-barred under 28 U.S.C. § 2244(d), and this action is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Mr. Yellowboy has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Yellowboy files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in*

*forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED January 14, 2015. at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court